Supreme Court.    Kings Special Term, June, 1857.    Before
*Birdseye,* Justice.

## The People *v.* John Moore and others.

A commitment issued upon a conviction before a Court of Special Sessions need not contain a statement that the defendant, when brought before the magistrate, requested to be tried before a Court of Special Sessions, nor that, having been required by the magistrate to give bail, the defendant omitted for twenty-four hours to do so, nor whether the defendant demanded a jury.

Such statements being no longer necessary in the record of conviction (2 *R. S.,* 771, § 38), are not required in the *mittimus,* which is merely the writ of execution for the purpose of enforcing the judgment.

This was a *certiorari* to the county judge of Westchester county to review his decision, upon a *habeas corpus,* refusing to discharge the defendants from the custody of the sheriff of that county.

*W. H. Pemberton* (District Attorney), for the people.

*W. F. Purdy,* for the defendants.

*By the Court,* Birdseye, J.—The defendants were tried before Thomas Smith, a justice of the peace of Westchester county, at a Court of Special Sessions, and, having been convicted, were sentenced to imprisonment in the county jail, and were committed accordingly.

The main objection to the commitment, on the argument, was, that the commitment did not show facts sufficient to confer jurisdiction on the committing magistrate. It does not set forth that the defendants, when brought before him, requested to be tried before a Court of Special Sessions (2 *R. S.,* 711, § 2); or that, having been required by the magistrate to give bail, they omitted for twenty-four hours to do so (*id.,* § 3); or whether they demanded a jury. (*Id.,* 712, § 8.)

Par.—Vol. III.     59

No statement on that subject, however, need be made in the record of conviction. (*The People* v. *Goodwin*, 5 *Wend.*, 251.) By the *Revised Statutes* (*p.* 711, § 38), the requisites for the record of conviction before a Court of Special Sessions are prescribed. In any other county than New-York this record or certificate shall "briefly state the offence charged and the conviction and judgment thereon, and, if any fine has been collected, the amount thereof and to whom paid."

Such being the only essential requisites of the record of the judgment, as prescribed by the statute, I am unable to see how any greater minuteness or particularity can be required in the *mittimus*, which is merely the writ of execution for the purpose of carrying the judgment into execution. Admitting that the Court of Special Sessions is a tribunal of special and limited jurisdiction, and that the facts conferring jurisdiction must be shown, the statute has changed the rule as to the record of the judgment in express terms. Now, a record which states not one of these facts is made "sufficient." The execution certainly cannot be required to state any more than the judgment. By implication, the necessity of averring the jurisdictional facts in the writ is dispensed with by the provision that the record need not set forth those facts.

Certainly no great hardship or harm can arise from the application of this rule. If there be any substantial defect in the proceedings to acquire jurisdiction, that must now be affirmatively shown by the defendants. The burthen of the proof is now imposed upon them. But for this provision of the statute they could have kept still and availed themselves of any defect in the statement of the proceedings to be made up by the magistrate. Now, they are required to show that there was a defect in the proceedings themselves. When the number of these courts is considered, and the frequency of the proceedings before them, together with the obvious fact that a large proportion of the magistrates presiding in these courts are men not familiar with the techni-

calities of the law, the propriety and necessity of such a relaxation of the rule above referred to at once become obvious.

The decision of the county judge, refusing to discharge the prisoners, was correct and must be affirmed.

SUPREME COURT. New-York General Term, June, 1857. _Mitchell, Roosevelt_ and _Peabody,_ Justices.