SUPREME COURT. At Chambers. New York, September, 1860. Before *Ingraham*, Justice.

## THE PEOPLE *v.* WILLIAM GRAY.

Where a conviction of vagrancy before a police justice is reviewed on *h·beas corpus* before a judge at chambers, the only inquiry should be, whether the justice had jurisdiction of the prisoner, and whether the prisoner was committed for an offence within the statute.

The offence consists in being a vagrant; and it is not necessary that the record or the commitment should state the grounds on which the charge of vagrancy was based. It is enough that they show that the prisoner had been charged with being a vagrant, and was convicted of that offence.(*a*)

THE prisoner was brought before Mr. Justice Ingraham, at chambers, on *habeas corpus*, and his discharge claimed, on the ground that enough did not appear on the face of the commitment to authorize his detention. The facts are fully stated in the following opinion:

INGRAHAM, J. The prisoner was committed by a police justice, on the ground of his having been convicted of being a vagrant, viz., an idle person not having visible means to maintain himself, and an habitual drunkard.

He is now brought before me on *habeas corpus*, and his discharge asked for on the ground that the commitment is not for any offence punished by statute.

The practice of reviewing convictions before justices on *habeas corpus*, is not to be commended. The statute provides another mode for correcting the errors of the justice, which should be resorted to. If the commitment is irregular, and the justice has jurisdiction of the matter, no relief should be afforded in this proceeding.

It is apparent, therefore, that I should only inquire whether the justice had jurisdiction of the prisoner, and whether he has committed the prisoner for an offence defined in any of the statutes of the State. I think there can be no doubt on both

(*a*) See last preceding case, *The People* v. *Forbes*.

The People *v.* Gray.

points. The jurisdiction of the justice making the commitment is not disputed.

The offence of which the prisoner was committed is stated as follows, viz.: "Who stands charged before me with being a vagrant, viz., an idle person, who, not having visible means to maintain himself, and is an habitual drunkard." The confusion of the sentence arises from the use of a printed form of commitment, and erasing part, so as to insert another grade of the same offence, as provided by the statute.

By the Revised Statutes (*vol.* 1, 602), an idle person who, not having means to maintain himself, lives without employment, is to be deemed a vagrant. In the present case, the words "lives without employment" are erased from the commitment.

By the act of 1833, "a person who, being an habitual drunkard, is destitute and without visible means of support," is to be deemed a vagrant. In this case the words "is destitute" are stricken out.

If it were necessary that all the matters required to be proven should be stated in the commitment, then neither offence is fully stated therein. But I am of the opinion that it is not necessary that the commitment should state all the particulars necessary to make out the offence. The offence is being a vagrant. The justices state that the prisoner has been charged with being a vagrant, and was convicted on competent proof. This is sufficient to show the offence charged and the conviction. (*See People* v. *Moore*, 3 *Park. Cr. R.*, 465.)

In a commitment for petit larceny, it is enough to state that offence without reciting the goods stolen or the owner of the property. In the *People* v. *Cavanagh* (2 *Park. Cr. R.*, 660), the general term of the second district held that a commitment which recited that the prisoner was convicted of a misdemeanor, was sufficient, and a more particular statement of the offence need not be made.

Even if a contrary rule had been adopted prior to 1855, since that time the mode in which the record of conviction is directed to be made up, would render such recital unnecessary.

That act (*Sess.* 1855, *ch.* 268), directs the form of the record of conviction to be in this respect as follows: "That the prisoner was brought before the justice on the charge of being a vagrant, and that upon diligent inquiry, &c., it appearing that the said prisoner is a vagrant within the provisions of the statute, I, the justice, did so adjudge," &c.

The commitment is sufficient if it follows the record, and when it is not required that the justice should insert in the record the particular grounds on which the charge of vagrancy is based, it cannot be necessary to recite them in the commitment.

The words defining the particular causes of vagrancy, may therefore be regarded as surplusage, and the charge of being a vagrant and being committed thereof is sufficient.

The prisoner is not without means of reviewing the judgment appealed from, and I do not feel at liberty, under the proceeding, to review that trial. At any rate, I am not willing to discharge a prisoner because the facts necessary to be proven are not recited in the commitment.

I concur with the views of Mr. Justice Sutherland, in the case of Catharine Forbes, so far as they are expressed, as to what is necessary to be proved in order to make out the offence, and unless, on a review of the case, it should appear that all the facts necessary to constitute the offence are proven, the conviction should be reversed; but as I do not consider that all such facts should necessarily be recited in the commitment, I feel bound to remand the prisoner, on the ground that the commitment is regular on its face, and the decision of the justice cannot be reversed in this proceeding.

The prisoner must be remanded.