## SUPREME COURT.

### IN THE MATTER OF HOGAN.

*Justices of the peace — power to amend mittimus after imprisonment — what mittimus should contain.*

A justice of .the peace may amend his *mittimus* after a defendant has been imprisoned on it.

A *mittimus* issued by a police justice or a justice of the peace on a conviction for petit larceny, which simply states the offense, conviction and judgment thereon, without averring the jurisdictional facts, is sufficient.

*At Chambers, Rochester, July,* 1878.

HABEAS CORPUS.

Hogan is detained by the superintendent of the western house of refuge under a *mittimus* issued by the police justice of the city of. Rochester on a conviction of, for petit larceny. Before the writ was served the police justice made sundry amendments to the *mittimus*, but they were made after Hogan had been imprisoned several months, and after the copy of the *mittimus* had been furnished, which is annexed to the petition for the suit.

*George Raines*, for Hogan.

*E. B. Fenner*, district attorney, opposed.

ANGLE, *J.*— Mr. justice E. DARWIN SMITH and county judge JEROME FULLER, of this county, having, as I am informed by justice SMITH, held, in cases before them, that a justice of the peace might amend·his *mittimus* after the defendant has

been imprisoned on it, I shall follow their holding without an examination of the question. The counsel for the prisoner raises the following objections to the *mittimus* as it has been amended:

First. It contains no recital that a warrant was issued against Hogan.

Second. There is no recital that Hogan was ever brought before a magistrate as a magistrate.

Third. There is no recital that an examination before a magistrate was either had or waived.

Fourth. No recital that the charge was stated to Hogan before the magistrate, and that he plead to it.

Fifth. No recital that there was any complaint on oath of any person against Hogan, preliminary to the warrant or trial.

Sixth. The words, "property of the Union News Company," did not describe the property of any person; if it were a corporation, the fact of incorporation should be stated in the *mittimus*.

Seventh. It is not stated that the property was then and there the property of the news company.

Eighth. It is not stated in the *mittimus* that it was the first offense of petit larceny.

Ninth. The word "taken" is omitted in the recital of the stealing of the property. The case of *The People* agt. *Phillips* (1 *Park. Crim. R.*, 95) was a summary conviction under the statute relating to disorderly persons, and it has been followed by a number of cases since, under statutes providing for summary proceedings, the last of which cases is the *Matter of Travis* (17 *Alb. Law J.*, 31).

The case now before me does not arise under a summary conviction, but in the ordinary course of criminal proceedings, and as to which there is a statute not applicable to convictions on summary proceedings; or, if applicable, no notice was taken of it in the cases referred to. I allude to 2 Revised Statutes, 717, section 38, which declares what the record of

conviction shall contain, namely, " It shall be sufficient briefly to state the offense charged and the conviction and judgment thereon, and if any fine has been collected, the amount thereof and to whom paid." In *The People* agt. *Moore* (3 *Park. Crim. R.*, 465) this statute and its effect upon the form of the *mittimus* came under consideration, and the court say (*page* 466,) "Such being the only essential requisites of the record of the judgment as prescribed by the statute, I am unable to see how any greater minuteness or particularity can be required in the *mittimus*, which is merely the writ of execution to carry the judgment into execution. Admitting that the court of special sessions is a tribunal of special and limited jurisdiction, and that the facts conferring jurisdiction must be shown, the statute has changed the rule in express terms. Now, a record which states not one of these facts is made ' sufficient.' The execution certainly cannot be required to state any more than the judgment. By implication the necessity of averring the jurisdictional facts in the writ is dispensed with by the provision that the record need not set forth these facts." In *Gray's Case* (11 *Abb.*, 56), which was a conviction under the vagrant act, it is said *obiter*, after citing *People* agt. *Morris*, " in a commitment for petit larceny it is enough to state the offense, without reciting the goods stolen or the owner of the property."

I conclude that the above cited statute, as construed in the cases referred to, disposes of the objections raised, and my duty is to remand the prisoner.