(38 Misc. Rep. 79.)

## PEOPLE v. PATTERSON.

(Court of General Sessions, New York County.   May 16, 1902.)

MAGISTRATE—MISDEMEANOR—JURISDICTION.

Code Cr. Proc. § 56, subd. 37, provides that on complaint to a magistrate for misdemeanor the accused, if he shall so elect, may be tried by a court of special sessions, but said section excludes from its provisions the county of New York.  Held, that a magistrate of such city cannot try a charge of misdemeanor, as in said city exclusive jurisdiction is vested by Cr. Code, § 64, in courts of special sessions.

Appeal from city magistrate of city of New York.

August Patterson was convicted of riding a bicycle at an excessive speed, and appeals.   Reversed.

R. L. Pritchard, for appellant.

William Travers Jerome, Dist. Atty. (Henry G. Gray, of counsel), for the People.

GOFF, R.   For riding a motor cycle through the streets of New York at a higher rate of speed than eight miles an hour, the appellant was convicted of a misdemeanor by a city magistrate.   From the judgment and conviction appeal is taken on two grounds: First, that the magistrate did not have jurisdiction to try and determine a charge of misdemeanor; and, secondly, that the evidence was insufficient to warrant a conviction.   On the second ground the judgment of the magistrate should not be disturbed, and the only question that will be considered is that of jurisdiction.   The law under which the appellant was convicted is contained in section 666 of the Penal Code, as amended by chapter 266 of the Laws of 1902, which provides that "a person * * * who drives or operates an automobile upon any highway within any city at a greater rate of speed than eight miles per hour * * * is guilty of a misdemeanor," etc.   In his return on the appeal the magistrate states that he "took jurisdiction of this misdemeanor under chapter 1, § 56, subd. 37, Code Cr. Proc."   This section (56) reads:

"Subject to the power of removal provided for in this chapter, courts of special sessions, except in the city and county of New York and the city of Albany, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties, as follows."

Then are enumerated in 36 subdivisions the various misdemeanors of which jurisdiction is given, but mention is not made of the misdemeanor of which the appellant has been convicted.   Subdivision 37, the last of the section, and the one referred to by the magistrate, provides that:

"When a complaint is made to or a warrant is issued by a committing magistrate for any misdemeanor not included in the foregoing subdivisions of this section, if the accused shall elect to be tried by a court of special sessions as provided by section two hundred and eleven."

This last-named section prescribes how the accused may elect to be tried, and is not pertinent to the point under consideration.   At

the threshold we are confronted with the exception of the city and
county of New York from the operation of the section, and clearly
the thirty-seventh subdivision of the section—even if, standing alone,
it was applicable—cannot be segregated from the body of the sec-
tion, and, as a segment, be made to apply to the city and county·
of New York in contradiction to the explicit legislative mandate.
Besides, it has been held that the limitation declared in this section
applies to cases where the complaint or charge is made, in the first
instance, to the court of special sessions (People v. Palmer, 43 Hun,
405); and, since a magistrate in the city of New York cannot hold
a court of special sessions, nor can he acquire exclusive jurisdiction
in the first instance to hear and determine charges of misdemeanor
unless power be expressly conferred, it follows, as an additional
reason to that given by the exception referred to, that the law in-
voked by the magistrate has no application, and·did not confer
jurisdiction. But, even if the magistrate was in error as to the
exact source of his jurisdiction, and he had in fact jurisdiction, it
becomes the duty of this court to sustain the judgment. Had he
jurisdiction? It is declared by section 74 of the Criminal Code that
"police justices have such jurisdiction, and such only, as is specially
conferred upon them by statute," etc. Kolzem v. Railroad Co.
(Com. Pl.) 20 N. Y. Supp. 700. The police justices in the city of
New York were abolished by section 1, c. 601, Laws 1895, and by
section 3 of that act all the powers and jurisdiction of the police
justices were conferred upon the city magistrates. The city mag-
istrates, therefore, can exercise only the powers and jurisdiction of
a police justice, and a police justice in the city of New York could
not hold a court of special sessions, nor acquire exclusive juris-
diction of a charge of misdemeanor in the first instance, and what-
ever authority was conferred upon him as such police justice giv-
ing him special jurisdiction in a criminal matter, with special direc-
tions as to mode of procedure, he acted as an officer, and not as a
court of special sessions. People v. Trumble, 1 N. Y. Cr. R. 446.
Section 64 of the Criminal Code conferred upon the court of spe-
cial sessions in the city and county of New York jurisdiction "to
try and determine according to law all complaints for misdemeanors,
unless the defendant elects to be tried at the court of general ses-
sions," etc., and under this section it was decided in Kolzem v.
Railroad Co., supra, that misdemeanors committed in the city and
county of New York must be tried and determined in the court of
special sessions, unless the case is directed to be tried in the court
of general sessions. Section 1409 of chapter 466 of the Laws of
1901 (amended Greater New York charter), in defining the juris-
diction of the court of special sessions, says that it shall have ex-
clusive jurisdiction to hear and determine all charges of misde-
meanors committed within the city of New York, except charges
of libel and except where jurisdiction shall have been devested by
indictment or removal. The offense of which the defendant was
convicted is declared by the statute (section 666, Pen. Code) to be
a misdemeanor. It is silent as to conferring jurisdiction specially

upon any particular court or officer, and consequently, under the general authority contained in the statute cited, jurisdiction vests in the court of special sessions, and not in the magistrate. My attention has not been called to any law under which the magistrate could summarily proceed. Suggestion has been made of the existence of an ordinance (chapter 531, Ordinances 1897) known as the "Rules of the Road," which regulates the speed of vehicles, and includes motor wagons as vehicles. But it is manifest that the complaint and the conviction were not based upon the ordinance, for it is not mentioned in the return as having been proved before the magistrate, and the penalty imposed was the one prescribed by the statute.

With reluctance do I reach the conclusion that the magistrate had not jurisdiction to hear and determine this charge of misdemeanor, for the safety of the public, imperiled by the reckless driving of motor vehicles through the crowded thoroughfares of this city, would, in my opinion, be best protected by a prompt and salutary exercise of summary power vested in the magistrates. Judgment and conviction reversed.

Judgment reversed.