(86 App. Div. 9.)

PEOPLE ex rel. SMITH v. VAN DE CARR, Warden of the City Prison, et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. CRIMINAL LAW—MAGISTRATES—JURISDICTION—MISDEMEANORS.

Consolidation Act, §'1458, Laws 1882, p. 366, c. 410, declares that any person in the city and county of New York shall be deemed guilty of "disorderly conduct that tends to a breach of the peace" who shall use any threatening, abusive, or insulting behavior, with intent to provoke a breach of the peace. *Held*, that a commitment under such section by a magistrate of the city was not invalid because the offense might also be within Pen. Code, § 675, declaring certain disorderly conduct a misdemeanor, and such magistrates had no jurisdiction to try a party accused of a misdemeanor as defined by Pen. Code, §§ 4, 5.

2. SAME—COMMITMENT BY MAGISTRATE—OFFENSE—DESCRIPTION.

The description of the offense in the warrant of commitment as "disorderly conduct tending to a breach of the peace" was sufficient, without specifying the subdivision under which conviction was had, or setting up the facts.

3. SAME—CERTIORARI.

In the case of a conviction, the writ of certiorari to inquire into the detention of the relator is not more extensive and affords no greater right or remedy than the writ of habeas corpus, and was designed to reach only those cases where the production of the body was unnecessary to the decision of the question to be presented; and it is not the province of this writ to bring up the evidence for review.

4. SAME—CERTIORARI OR HABEAS CORPUS—HEARING.

Under Code Civ. Proc. §§ 2016, 2019, 2032, enacting that a person is not entitled to the writ of habeas corpus or the writ of certiorari to inquire into the cause of his detention where he has been committed by the final judgment or decree of a competent tribunal, or final order in special proceeding, except to punish for contempt, the inquiry of cause for detention after a conviction is limited to whether the magistrate who issued the warrant of commitment had jurisdiction of the offense of the relator and to impose any sentence, and whether it had expired, and the decision of the tribunal cannot be reviewed.

5. SAME.

After conviction and commitment by a city magistrate, relator sued out both a writ of habeas corpus and a writ of certiorari to inquire into his detention. *Held* that, as the decision of the magistrate could not

---

¶ 3. See Criminal Law, vol. 14, Cent. Dig. § 564.

be reviewed on certiorari, and the return of the writ of habeas corpus was not traversed, it appearing that the magistrate had jurisdiction to try the offense, and that the warrant of commitment recited the jurisdictional facts, the conviction was authorized and the relator rightfully in custody.

Appeal from Special Term, New York County.

Habeas corpus and certiorari by the people, on the relation of Abraham Smith, against John E. Van De Carr and another, to inquire into the cause of relator's detention. From an order sustaining the writs and releasing relator from custody, the people appeal. Reversed, and writs dismissed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry G. Gray, for appellants.
Myer London, for respondent.

LAUGHLIN, J. The return to the writ of habeas corpus shows that the relator was held by the warden of the city prison under a commitment of one of the magistrates of the city of New York, bearing date the 18th day of March, 1903, which recites that the relator was charged, on the oath of one John O'Rourke, with having been on the 16th day of March, 1903, at the city of New York, in the county of New York, "guilty of disorderly conduct tending to a breach of the peace," and that he was duly convicted of that offense before said magistrate upon competent testimony, and sentenced to the workhouse in the city and county of New York for the term of six months, pursuant to the provisions of section 707 of the Greater New York Charter (Laws 1897, p. 247, c. 378), and the warden was commanded to receive and detain the relator in the workhouse for the term of six months from the date of the commitment, or until he should be discharged pursuant to law.

The relator contends that the city magistrates have no jurisdiction to try a party accused of a felony or misdemeanor as defined in sections 4, 5, and 6 of the Penal Code. This contention appeared to be sustained by the provisions of the statute creating that court (section 14, c. 601, p. 1289, Laws of 1895; section 1409, Greater New York Charter [Laws 1897, p. 502, c. 378])—see People v. Patterson, 38 Misc. Rep. 79, 77 N. Y. Supp. 155—and we do not understand that it is controverted by counsel for the people. The relator contends that the charge against him constituted a violation of section 675 of the Penal Code, which provides that "any person who shall by any offensive or disorderly language or act, annoy, or interfere with any person or persons in any place" shall be guilty of a misdemeanor; but this is not the statute under which the relator was tried and convicted, and for this reason, as well as upon the ground that the magistrate did not have jurisdiction, the conviction could not be sustained thereunder. The relator was convicted under section 1458 of the consolidation act (chapter 410, p. 366, Laws 1882), which provides as follows:

"Every person in said city and county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare

or public place in said city and county commit any of the following offenses that is to say: * * * (3) Every person who shall use any threatening, abusive, or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned."

It clearly appears, and is uncontroverted, that the city magistrates have jurisdiction over the offenses specified in this section, and the section has been continued in force (section 1610, Greater New York Charter, as amended in 1901 [Laws 1901, p. 652, c. 466]). People ex rel. Frank v. Davis, 80 App. Div. 448, 80 N. Y. Supp. 872.

It was entirely competent for the Legislature to declare such conduct in the city of New York an offense, and to provide for its punishment, even though it would not be a penal offense elsewhere, or would be a crime of a higher degree if committed elsewhere. The description of the offense contained in the warrant of commitment, viz., "disorderly conduct, tending to a breach of the peace," was sufficient, and it was not necessary to the validity of the commitment, either that the subdivision under which the conviction was had should be specified, or that the facts should be set up. People ex rel. Frank v. Davis, supra; People v. Johnson, 110 N. Y. 141, 17 N. E. 684; People ex rel. Allen v. Hagan, 170 N. Y. 46, 62 N. E. 1086; Gray's Case, 11 Abb. Pr. 56; Case of the 12 Commitments, 19 Abb. Prac. 394, 401. It is not important for us to determine whether, as contended by counsel for appellants, "disorderly conduct" would be a sufficient designation of the offense, for both in the warrant of commitment and in the return of the magistrate it appears that the relator was convicted of "disorderly conduct that tends to a breach of the peace."

The writ of certiorari as a writ of review in criminal cases has been abolished, and now the only method of review in a criminal case is by appeal. Code Cr. Proc. § 515; People ex rel. Taylor v. Forbes, 143 N. Y. 219, 38 N. E. 303; Code Civ. Proc. § 2148. In the case of a conviction, at least, the writ of certiorari to inquire into the detention of the relator, a remedy incorporated into the Code with the habeas corpus provisions, is not more extensive, and affords no greater right or remedy, than the writ of habeas corpus, and was designed to reach only those cases where the production of the body was unnecessary to the decision of the question to be presented; and it is not the province of this writ of certiorari to bring up the evidence for review. People ex rel. Bungart v. Wells, 57 App. Div. 140, 151, 68 N. Y. Supp. 59; People ex rel. Taylor v. Seaman, 8 Misc. Rep. 152, 29 N. Y. Supp. 329; People ex rel. Danzinger v. P. E. House of Mercy, 128 N. Y. 180, 184, 28 N. E. 473. A practice has sprung up in this department of issuing both writs in cases of detention before or without conviction. This is acquiesced in on the ground of convenience in having the magistrate certify the information or evidence upon which the relator has been held, and which the court in such cases examines to see if there is any evidence of guilt, rather than because any warrant for such practice can be found in the Code of Civil Procedure. In cases of conviction, however, the inquiry, both upon the writ of habeas corpus and upon a writ of certiorari, into the detention, is whether the magistrate

who issued the warrant of commitment had jurisdiction of the offense of the relator and to impose the sentence, and whether it had expired; but the decision may not be reviewed. Code Civ. Proc. §§ 2016, 2019, 2032; People ex rel. Tweed v. Liscomb, 60 N. Y. 570, 19 Am. Rep. 211; People ex rel. Danzinger v. P. E. House of Mercy, supra. If the magistrate had jurisdiction of the subject-matter, and the warrant of commitment is valid in form, reciting the jurisdictional facts, it has been held by the Court of Appeals that the burden is upon the relator to impeach its validity by traversing the return, in which event the whole question relating to the jurisdiction of the magistrate may be inquired into. People ex rel. Danzinger v. P. E. House of Mercy, 128 N. Y. 185, 189, 28 N. E. 473. It has also been held by the same court that in such case the warrant of commitment, even though issued by an inferior court, is conclusive, and the facts may not be inquired into, even though the return be traversed. People ex rel. Kuhn v. P. E. House of Mercy, 133 N. Y. 207, 30 N. E. 853. In the case at bar the magistrate had jurisdiction to try offenses designated as disorderly conduct tending to a breach of the peace under section 1458 of the consolidation act, and the warrant of commitment recites the jurisdictional facts, and the return to the writ of habeas corpus presenting the commitment was not traversed. It therefore appeared that the conviction was authorized, that warrant of commitment was duly issued, and that the relator was legally in the custody of the warden of the city prison.

The magistrate to whom the writ of certiorari was issued and upon whom it was served made return that the relator was tried before him at the First District City Magistrate's Court in the city of New York on the 16th day of March, 1902, charged upon the deposition of John O'Rourke, which was thereto annexed, with "dis. conduct"; that upon the trial the said O'Rourke, after being duly sworn, was examined in the presence and hearing of the relator, and testified that the relator "did, at the time and in the public place mentioned in said complaint, make a noise, disturbing the peace, and did then and there obstruct the free passage of pedestrians on the sidewalk"; that the magistrate thereupon convicted the relator "of being guilty of such disorderly conduct charged in said complaint as in my opinion tended to and might provoke a breach of the public peace," and thereupon committed him to the workhouse for the period of six months, or until he should be discharged according to law. The information filed against the relator and annexed to the return is an affidavit by a police officer, charging that on the day in question, at the city and county of New York, the relator "was in Walker street, and that he was making a noise, disturbing the peace; and did then and there obstruct the free passage of pedestrians on the sidewalk." The charge was substantially in accordance with the proof given upon the trial from which the inference of guilt was drawn by the magistrate, but, even if that were not so, it would not be reviewable by habeas corpus proceedings. All that was essential to the jurisdiction of the magistrate is that the relator was arraigned before him and apprised of the nature of the offense with which he was charged and for which he was to be tried, and afforded an opportunity to de-

fend, and was then duly tried thereon. Thus, if we should treat the return to the writ of habeas corpus as traversed, and the return to the writ of certiorari as the evidence adduced on the hearing thereon, still it appears that the magistrate had jurisdiction of the offense of the relator, had authority to try him and impose the sentence, and there was some evidence tending to show guilt, so that within all the authorities the writs should have been dismissed; and whether all of these things are essential to jurisdiction, and may be inquired into on habeas corpus after conviction, perhaps, should not, in view of the conflicting decisions, be determined upon this appeal. If the offense was committed in the presence of a police officer, he might have arrested the relator without any warrant, and we know of no law in such case requiring that a formal information be filed before the prisoner is arraigned.

It follows that the order should be reversed and the writs dismissed. All concur.