(44 Misc. Rep. 149.)

PEOPLE ex rel. REYNOLDS v. WARDEN OF CITY PRISON et al.

(Supreme Court, Trial Term, New York County. June, 1904.)

1. HABEAS CORPUS—REVIEW.

On habeas corpus on a commitment in the nature of a final judgment, the evidence on the trial cannot be reviewed, nor the errors committed corrected.

2. SAME.

On a writ of habeas corpus on a commitment in the nature of a final judgment, the only question is whether the magistrate had jurisdiction of the offense, of the person, and to pronounce the judgment rendered.

3. CERTIORARI—QUESTIONS REVIEWED.

On a writ of certiorari to a magistrate on a commitment in the nature of a final judgment, the only question is that of jurisdiction.

4. DISORDERLY CONDUCT—POLICE MAGISTRATE—JURISDICTION.

Consolidation Act, Laws 1882, p. 366, c. 410, §§ 1458, 1461, providing that every person in the city shall be deemed guilty of disorderly conduct who shall in any thoroughfare or public place commit any of the certain named offenses, among which is street walking, are still in force; and a police magistrate of New York has jurisdiction summarily to convict the offender, and, under Laws 1901, pp. 298, 301, c. 466, being sections 707, 711 of the Revised Charter, compel such person to give surety for good behavior, and, on failure so to do, commit her to the city prison for transfer to the workhouse for not longer than six months.

Application by the people, on the relation of Margaret Reynolds, for a writ of habeas corpus to the warden of the city prison and a writ of certiorari to John B. Mayo, magistrate. Writs dismissed.

Cohen Brothers, for relator.
Wm. Travers Jerome, Dist. Atty., for respondent.

CLARKE, J. To the writ of habeas corpus the warden has returned that he holds relator by virtue of a commitment of a city magistrate which recites that:

"Margaret Reynolds, who stands charged before me on oath of Nicholas P. Sussilo with having been, on the 4th day of June, 1904, at the city of New York, in the county of New York, guilty of such disorderly conduct as in my opinion tends to a breach of the peace, and having been informed of her rights under the law, being thereof duly convicted before me upon competent testimony, she was ordered to find surety in the sum of $300 for her good behavior for the term of three months; and, having neglected forthwith to find surety, these are to command you * * * to receive into your custody and safely keep in the said city prison, pending transfer to the workhouse, and you, the said superintendent pursuant to the provisions of sections 707, 711 of the

---

¶ 2. See Habeas Corpus, vol. 25, Cent. Dig. § 81.

·Greater New York Charter (Laws 1901, pp. 298, 301, c. 466), are required safely to keep the body of the said Margaret Reynolds until she shall find surety as aforesaid, or be thence delivered by due course of law. But such imprisonment shall not exceed the term of three months."

To the writ of certiorari addressed to the magistrate has been returned the affidavit of said Nicholas P. Sussilo, of the Fifteenth Precinct police, upon which she was held for trial, which sets forth:

"That Margaret Reynolds, now here, is a prostitute and nightwalker, and that she was on the night of the 4th day of June, 1904, in the city and county of New York, loitering in Fourth avenue, that being a public thoroughfare and public place, soliciting and importuning men passing in and along said thoroughfare or place for the purpose of prostitution, to the great annoyance of the people of the state of New York residing in the neighborhood and passing thereby, and in violation of the statute in such case made and provided, and did then and there stop and solicit deponent for such purpose, at the hour of 9:10 o'clock p. m."

Neither the writ of habeas corpus nor this writ of certiorari, upon a commitment in the nature of a final judgment, acts as a writ of review or appeal. Under neither writ is the evidence to be reviewed, nor errors on the trial to be corrected. The proper way to accomplish such a result is by way of appeal. People ex rel. Taylor v. Forbes, 143 N. Y. 219, 38 N. E. 303; People ex rel. Bungart v. Wells, 57 App. Div. 140, 68 N. Y. Supp. 59; People ex rel. Danziger v. P. E. House of Mercy, 128 N. Y. 180, 28 N. E. 473—all cited with approval in People ex rel. Smith v. Van de Carr, 86 App. Div. 9, 83 N. Y. Supp. 245. On these writs we are confined to the consideration of whether the magistrate had jurisdiction of the offense, of the person and to pronounce the judgment imposed. The learned Appellate Division in the Second Department, in People ex rel. Frank v. Davis, 80 App. Div. 448, 80 N. Y. Supp. 872, held that sections ·1458 and 1461 of the Consolidation Act (Laws 1882, p. 366, c. 410), were still in force, providing that:

"Every person in said city and county shall be deemed guilty of disorderly conduct that .tends to a breach of the peace, who shall in any thoroughfare or public place * * * commit any of the following offenses: * * * (2) Every common prostitute or nightwalker loitering or being in any thoroughfare or public place for the purpose of prostitution or solicitation to the annoyance of the inhabitants or passers-by."

It was further held that the magistrate could require the party against whom such conduct might be proved to give sufficient surety for his or her good behavior for any term not exceeding twelve months. That case also held that the offenses so enumerated did not reach the dignity of misdemeanors under the common law, and were properly within the jurisdiction of the magistrates; that it was competent for the Legislature to define such a minor offense, ·and to give jurisdiction over it to the police magistrate, with the power of summary conviction; and that said magistrates had jurisdiction under section 707 et seq. of the Greater New York Charter (Laws 1901, p. 298, c. 466) to compel the giving of peace bonds and the imposing of fines not exceeding $10 on conviction. Consolida-·tion Act, Laws 1882, p. 366, c. 410, §§ 1461, 1562.

The same provisions were considered by the learned Appellate Division of this department, in People ex rel. Smith v. Van de Carr, 86 App. Div. 9, 83 N. Y. Supp. 245, which held:

"It clearly appears, and is uncontroverted, that the city magistrates have jurisdiction over the offenses specified in this section, and section 1458, Consolidation Act, has been continued in force. * * * In the case at bar the magistrate had jurisdiction to try offenses designated as disorderly conduct tending to a breach of the peace, under section 1458 of the Consolidation Act, and the warrant of commitment recites the jurisdictional facts, and the return to the writ of habeas corpus presenting the commitment was not traversed. It therefore appeared that the conviction was authorized, that a warrant of commitment was duly issued, and that the relator was legally in the custody of the warden of the city prison."

The case then goes on to consider the return to the writ of certiorari, which consisted of the deposition of the officer in all essential particulars similar to the case at bar. The court said:

"All that was essential to the jurisdiction of the magistrate is that the relator was arraigned before him and apprised of the nature of the offense with which he was charged and for which he was to be tried, and afforded an opportunity to defend, and was then duly tried thereon. Thus, if we should treat the return to the writ of habeas corpus as traversed, and the return to the writ of certiorari as the evidence adduced on the hearing thereon, still it appears that the magistrate had jurisdiction of the offense of the relator, had authority to try him and impose the sentence, and there was some evidence tending to show guilt, so that within all the authorities the writs should have been dismissed."

I have taken the pains to quote at length from these controlling opinions, in the hope that in calling them again to the attention of the bar the court may be relieved of much unnecessary work which has recently been put upon it in re-examining questions which seem to have been definitely settled. The court is required to issue the writ when prayed, but such proceedings ought not to be instituted when there are no merits. Writs dismissed, and prisoner remanded.

Writs dismissed, and prisoner remanded.