PEOPLE ex rel. ST. CLAIR v. DAVIS.

(Supreme Court, Special Term, Kings County.   May 5, 1910.)

1. PROSTITUTION (§ 6*)—NIGHTWALKING—PUNISHMENT.
    A person convicted under Laws 1882, c. 410, § 1458, providing that every common prostitute or nightwalker loitering or being in any thoroughfare or public place for the purpose of prostitution or soliciting, to the annoyance of the inhabitants, shall be guilty of disorderly conduct, is to be punished under Greater New York Charter (Laws 1901, c. 466) § 707, which provides for this offense six months in the workhouse, or a fine of $10, or compels the giving of a bond for good behavior.
    [Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 6; Dec. Dig. § 6.*]

2. CRIMINAL LAW (§ 252*)—SUMMARY TRIAL—NIGHTWALKING—CHARGE—SUFFICIENCY.
    Under Laws 1882, c. 410, § 1458, a charge that a person is a common prostitute and nightwalker, and that she was on a certain night in the city of New York loitering in a certain street, soliciting and importuning men passing in and along said thoroughfare or place for the purpose of prostitution, to the great annoyance of neighbors and passersby, clearly charges disorderly conduct.
    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 252.*]

3. PROSTITUTION (§ 6*)—PUNISHMENT—REFORMATORY SENTENCE.
    Semble, the offenses for which women can be sent to Bedford reformatory do not include disorderly conduct as specified by Laws 1882, c. 410, § 1458.
    [Ed. Note.—For other cases, see Prostitution, Dec. Dig. § 6.*]

4. HABEAS CORPUS (§ 105*)—DECISIONS OF SUPERIOR COURTS—CONCLUSIVENESS.
    Where a woman was sentenced by a magistrate to Bedford reformatory for disorderly conduct, and the case was appealed to the General Sessions and to the Appellate Division, and affirmed without opinion, the power of the magistrate to impose the sentence given having been expressly questioned in appellant's brief, the Special Term of the Supreme Court cannot release the relator on habeas corpus on the ground that the magistrate was without power to impose the sentence.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 93, 94; Dec. Dig. § 105.*]

5. CRIMINAL LAW (§ 252*)—MAGISTRATE'S COURT—CHARGES—PUNISHMENT.
    The charge in a magistrate's court against a prisoner should be so specific and definite that the punishment imposed will also be definite and certain.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 526; Dec. Dig. § 252.*]

Application by the People, on the relation of Lilly St. Clair, for a writ of habeas corpus against Katherine Bement Davis, Superintendent of State Reformatory at Bedford, N. Y.   Writ dismissed, and prisoner remanded.

Philip Wohlstetter, for relator.

Charles S. Whitman, Dist. Atty., and Robert C. Taylor, Asst. Dist. Atty., for defendant.

CRANE, J.   Section 1458, c. 410, Laws 1882, provides that every person in the city of New York shall be deemed guilty of disorderly con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duct that tends to a breach of the peace who shall in any thoroughfare or public place in said city commit any of the following offenses:

"(2) Every common prostitute or nightwalker loitering or being in any thoroughfare or public place for the purpose of prostitution or soliciting to the annoyance of the inhabitants," etc.

A person convicted under this section is to be punished as provided in section 707 of the Greater New York Charter (Laws 1901, c. 466), viz.: Six months in the workhouse, or fine of $10, or compelled to give a bond for good behavior. People ex rel. Frank v. Davis, 80 App. Div. 448, 80 N. Y. Supp. 872; People ex rel. Smith v. Van de Carr, 86 App. Div. 9, 83 N. Y. Supp. 245.

In almost the identical words of the above law the relator was charged before the magistrate on March 20, 1909, with "disorderly conduct." This is the charge:

"Bert M. Treiber being duly sworn says that Lilly St. Clair is a common prostitute and nightwalker, and that she was on the night of the 20th of March, 1909, in the city and county of New York loitering in Bowery street, soliciting and importuning men passing in and along said thoroughfare or place for the purpose of prostitution, to the great annoyance of neighbors and passersby."

It is clear that the relator was charged with disorderly conduct under section 1458, c. 410, Laws 1882. The charge is certified to by the magistrate as being disorderly conduct (soliciting). A traverse being made to the return herein, the records, by consent, are offered in evidence on the hearing, and, among them, a verified return of the magistrate, in which he states:

"That on the 20th of March, 1909, Lilly St. Clair was brought before me * * * charged with disorderly conduct, * * * and after her statement I did thereupon convict her of being guilty of such disorderly conduct charged in said complaint as in my opinion tended to and might provoke a breach of the public peace."

Instead, however, of imposing the sentence provided by law (section 707 of the Greater New York Charter) for disorderly conduct, the magistrate sentenced the relator to the Bedford reformatory for three years under section 146 of the state charities law (Laws 1896, c. 546). I suppose he meant section 707 A of the Greater New York Charter added by chapter 610, Laws 1905.

The offenses for which women can be sent to Bedford reformatory do not include "disorderly conduct" as specified in Laws 1882. Disorderly conduct cannot be so punished. The district attorney's brief frankly admits that the relator was charged with, tried for, and convicted of disorderly conduct. But she was not sentenced for it. The most she could have received would have been six months in the workhouse. She was given three years in a reformatory.

This case is almost identical both in facts and errors with People ex rel. Clark v. Keeper, 176 N. Y. 466, 68 N. E. 884. The charge there was disorderly conduct, and the sentence the reformatory, and the court held that the relator was rightly dismissed on habeas corpus.

Strange to say this case before me has been appealed to the General Sessions and to the Appellate Division of the First Department, and

the conviction affirmed without opinion.   People v. Lilly Sinclair, 133 App. Div. 944, 118 N. Y. Supp. 1135.

At first I was inclined to believe that the question of the magistrate's jurisdiction had not been called to the attention of the appellate court; but through the attention of the assistant district attorney, Mr. Robert C. Taylor, I have been furnished with a copy of the briefs used upon the argument of the appeal just before the long vacation in 1909. One of the points conspicuous in the appellant's brief is the following:

"The magistrate did not have the power to sentence the defendant to the state reformatory at Bedford, N. Y., upon the conviction for the alleged offense of disorderly conduct."

And he thereupon set forth at length the statutes above referred to.

That the Appellate Division, although writing no opinion, passed directly upon this point, is a presumption which cannot be rebutted, and although I believe their judgment to be in conflict with the Clark Case, above referred to, I am not permitted to release this relator on habeas corpus. Personally I do not believe that magistrates can sentence to Bedford reformatory for disorderly conduct tending to a breach of the peace. If by the above decision the Appellate Division of the First Department has held that they can, it is to be regretted that an opinion was not given to this effect.

No part of our law is in such a confused and jumbled state as that applicable to the magistrates and their power over prisoners for offenses and ordinance violations. Considering the many different statutes upon these matters, including the Greater New York Charter and applicable to different counties of the city, the charge in a magistrate's court against a prisoner should be so specific and definite that the punishment which can be imposed will also be definite and certain.

For the reasons above stated, the application for discharge is denied, and the relator remanded to the custody of the Bedford reformatory.