# SUPREME COURT.

ALEXANDER BURT and JOSHUA BURT agt. RICHARD POWIS.

Where a decision of this court is pronounced at a *general term* thereof, and is made the decision of the court, whether upon a question of *law, equity* or *practice*, it is *authoritative* upon the questions presented, and binding as such upon the judges of this court, and upon referees, and all other subordinate tribunals, and in all places, until *overruled* on re-consideration by the general term or *reversed* by the court of appeals.

The publication of the opinions of single judges upon practice questions, has doubtless been of much service, and has greatly expedited the construction of the Code, which has called upon the courts to construe and interpret new statutes containing a great variety of new provisions in 473 distinct sections, and served to create a demand for a more extensive publication of the opinions of single judges, than at any former period.

Such publications have disclosed some conflict of views among the judges, but this is of small consequence, when these decisions are considered and regarded as they rightly should be, not as decisive authority, but rather in the light of *nisi prius* decisions. But the general term decisions upon questions of practice, should be regarded as authoritative and followed as such, as much so as general term decisions upon questions of law.

In this case, it appeared that the referee in the seventh district, made his report, upon which judgment was entered upon a question of law, which was right in the face and eyes of a reported decision upon the same question of the general term in the fifth district. On appeal, the general term of the seventh district, considered it their duty to reverse the judgment as a matter of course, on looking into the case sufficient to discover such fact.

*Argued at June General Term*, 1858, *at Auburn. Decided, September Term*, 1858, *at Rochester.*

*Present:* WELLES, JOHNSON *and* SMITH, *Justices.*

APPEAL from a judgment entered upon the report of a referee. The facts sufficiently appear in the opinion.

J. T. MILLER, *for appellant.*
GEO. RATHBUN, *for respondent.*

By the court—E. DARWIN SMITH, Justice. The questions arising upon this appeal, are precisely the same presented to

VOL. XVI.    19

the court in the case of *Walker* agt. *Crane*, (17 *Barb.* 119.) In that case the construction, force and validity of the act of March 16th, 1852, entitled, " An act to facilitate the dissolution of manufacturing corporations in the county of Herkimer, and to secure the payment of their debts without preferences," was elaborately discussed and fully considered.

The able opinion of Judge GRIDLEY in the case, appears to have been concurred in by the four judges of the fifth district, all present at the general term.   By chapter 64 of acts of the sessions of 1855, page 65, the provisions of the aforesaid act are applied to the Seneca County Woolen Mills, which brings this case necessarily within the decision in the case of *Walker* agt. *Crane*, and also within the case of *The Herkimer County Bank* agt. *Furman*, (17 *Barb.* 116.)   Those decisions both pronounced at the same general term, are authoritative decisions of this court upon the questions presented, and binding as such upon the judges of this court and upon referees, and all other subordinate tribunals, until overruled or reversed.   The report of the referee in this action being in distinct conflict with such decision, the judgment entered thereupon must, of course, be reversed.

The referee had no right to disregard the decision of the court upon the express point before him.   If there was error in that decision, the court itself at any general term might reconsider and overrule the same.   Otherwise, and until that had been done, it was the law of this court binding as *authority* in all places, until reversed by the court of appeals.   The fact that the referee in this case, supposed himself at liberty avowedly to render a judgment in open conflict with a decision of the court at general term, and that learned counsel with the above cases before them, should have called upon the referee to do so, seems to imply the prevalence to some extent of a fundamental error in respect to this court, in the assumption that the law is, or may be, different in the different districts of the state.   Perhaps some conflict of decision may have given rise to such an impression, and induced counsel to suppose that it was admissible to experiment upon the possibility of obtain-

Burt agt. Powis.

ing a different decision in one district from the decision of another. But I do not think this court in any of its branches deserves the reproach of countenancing any such experiments. Upon questions of law, the conflict of opinions between the decisions of the judges in the several districts of the state, is quite infrequent. I do not think that in the 25 volumes of Barbour, more cases are overruled or doubted or dissented from, than occurs in any 25 successive volumes of the reports of the decisions of this court from *Caines* to *Denio* inclusive. Some contrariety of decisions doubtless, has existed upon questions of practice. This, perhaps, was incident to the measure of introducing an entire new system of practice and proceedings, and in some degree unavoidable.

The Code called upon the court to construe and interpret new statutes containing a great variety of new provisions in 473 distinct sections. A demand was thereby created for the publication of practice decisions, which has been much more extensive than at any former period, and too many cases have doubtless been reported. The publication of the opinions of single judges, however, upon practice questions, has doubtless been of much service, and has greatly expedited the construction of the Code, and tended to secure uniformity of practice, much sooner than would otherwise have been the case. Such publications have disclosed some conflict of views among the judges, but this is of small consequence, when these decisions are considered and regarded as they rightly should be, not as decisive *authority*, but rather in the light of *nisi prius* decisions. But the general term decisions on questions of practice should be regarded as *authoritative* and followed as such, as much so as general term decisions upon questions of law. This court consists of thirty-three judges, any three of whom are authorized to hold a general term of the court, and at such term to declare finally the opinion of the court upon any questions presented. Cases at general term are much more carefully argued than at the special terms, and much more carefully considered and deliberately decided, and it will rarely happen that any injustice will be done or injury ensue from regarding the

decision of the general term on questions of practice as final and conclusive, until at least the error, if it be one, can be corrected at the biennial convention of the judges, where all disputed questions of practice can be conclusively settled. There is the more reason for adhering to this rule on questions of practice, inasmuch as it is the only mode of maintaining that uniformity of practice so essential and which it is the obvious duty of the court to promote and preserve as far as practicable.

These views are not new in this district. Since the foregoing was written, my attention has been called to the case of *Fox* agt. *Woodruff*, (9 *Barb.* 498,) where my brother WELLES, says: "A decision of one of the general terms of this court, when deliberately made, should receive the same respect in each of the other districts, and be regarded as of equal weight as authority, as if made in the same district and by the same justices."

Judgment reversed.