red to, which will require further explanation before the trustee can succeed in relieving himself of the trust, as proposed by him.

The attempt to obtain a release from the parents, so as to deprive the plaintiffs of their claims, the mode in which the property was conveyed to the daughter without consideration, and other matters which it is not necessary here to refer to, all tend to show that the defendant has not been acting in the faithful discharge of his duty as trustee and solely for the benefit of those for whom he held the trust.

But as I have arrived at the conclusion that the trustee must render the account, so as to ascertain whether he had, at the time, in his hands, funds from which the lands purchased in Broome street could be paid for, I shall also refer it to the same referee to inquire whether the trustee has so managed the trust funds as to render it necessary, for the protection of the plaintiff's interests, that the trustee should be changed, and that he report the proofs, with his opinion thereon. And all further directions are reserved until the coming in of such report.

Reference ordered to William Kent.

[NEW YORK SPECIAL TERM, December 23, 1859. *Ingraham,* Justice.]

———————o o o———————

LORING *vs.* THE UNITED STATES VULCANIZED GUTTA PERCHA BELTING AND PACKING COMPANY, and SARGENT.

An assignment executed by a manufacturing corporation, of all its property, to a trustee, in trust for the benefit of creditors, which expressly admits that it is made in consequence of the company having become unable to pay its debts, is absolutely void, by statute. (1 *R. S.* 603, § 4.)

The court, in the 1st district, will regard the decision of a general term, in any other district, as controlling, until reversed by the court of appeals; unless, from some special reason appearing, it is clearly erroneous.

THIS action was brought by the plaintiff, in behalf of himself and all other creditors of the defendant, who might

choose to come in and contribute to the expenses of the suit. The defendant was a corporation, created and formed under and by virtue of the act of the legislature passed February 17, 1848, entitled " An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," and the acts amending the same. The plaintiff was a judgment creditor of the defendant, and had issued executions on his judgment, which had been returned unsatisfied. The complaint alleged that the defendant had executed a general assignment of all its property to John O. Sargent, in trust for the benefit of creditors; that the said assignment was made by the company in contemplation of its insolvency, and that the company was now insolvent; that the assignment was made by the company with the intent to delay, hinder and defraud creditors, and was contrary to the provisions of the revised statutes, entitled " Special provisions relating to certain corporations," and wholly void. For these and other reasons not necessary to be mentioned, the plaintiff demanded judgment that the assignment be adjudged void, as against the plaintiff and other creditors of the defendant; that a receiver be appointed, &c.

The second clause of the assignment was as follows : " Whereas the said party of the first part is indebted to divers persons in considerable sums of money which it is unable to pay with punctuality or in full, and is desirous of making a fair and equitable distribution of its property and effects among its creditors."

The assignment was dated and executed the 24th day of December, 1858.

The defendant, by its answer, denied that the assignment was made in contemplation of insolvency, or with the intent to delay, hinder or defraud creditors. An injunction having been previously granted, and a receiver appointed, the plaintiff now applied for judgment, upon the complaint and answer.

*B. Roelker*, for the plaintiff.

*E. Sprout*, for the defendant.

INGRAHAM, J.   Under the decision in the case of *Harris* v. *Thompson*, (15 *Barb*. 62,) I must hold the assignment in this case to be void.   It expressly admits that it is made in consequence of the company having become unable to pay its debts.   The case referred to decides that the 4th section of the statute (1 *R. S.* 603) applies to such corporations, and that assignments made by them in view of insolvency are void.

That decision was made by a general term of the supreme court; and we some time since held in this district that we should regard the decision of a general term in any other district as controlling, until reversed by the court of appeals; unless, from some special reason appearing, it was clearly erroneous.

Judgment ordered for the plaintiff, declaring the assignment void, &c.

[NEW YORK SPECIAL TERM, December 23, 1859.   *Ingraham*, Justice.]