## MALAM *a.* SIMPSON.

*Supreme Court, First District; Special Term, February,* 1861.

Costs.—Court.—Decisions at General and Special Terms.

The decision of a general term of the Supreme Court at general term in any district, is binding as an authority upon single judges in the same or any other district, until overruled by the court at general term.

A term-fee of $10 can be taxed for every term during which a motion for a new trial on a case is on the special-term calendar, and not necessarily reached or postponed.

The case of Moore *a.* Cockroft (9 *How. Pr.*, 479) followed, in preference to Jackett *a.* Judd (18 *Id.*, 385).

Motion for readjustment of costs.

The facts appear in the opinion.

*D. G. Crosby*, for the motion.

*Irwin S. Spink*, opposed.

Barnard, J.—The question presented for consideration is, whether a term-fee of $10 can be taxed for every term that a motion for a new trial on a case is on the special-term calendar, and not necessarily reached or postponed.

In the case of the Mechanics' Banking Association (10 *How. Pr.*, 400), the general term of the Superior Court decided the question in the affirmative, and even went to the length of holding that a trial-fee was taxable.

In the case of Moore *a.* Cockroft (9 *How. Pr.*, 479), the general term of the Supreme Court (second district) also decided the question in the affirmative, but held that a trial-fee could not be taxed. These two cases agree in holding that term-fees are taxable. There are in addition numerous special-term decisions holding the same doctrine. It is insisted on the part of the defendant's counsel, that the case of Jackett *a.* Judd (18 *How. Pr.*, 385) has overruled all previous decisions on this question, including the above two general-term decisions. That case, it

is true, is a decision directly adverse to the taxation of the term-fees in question. It is, however, a mistake to suppose that the last decision on a point overrules all prior decisions.

A special-term decision cannot even overrule a prior special-term decision, much less a general-term decision. When there are several conflicting special-term decisions, the point is left in doubt; but the moment a point is decided by a general term, the doubt is removed, until a subsequent conflicting decision of another general term brings it back again. As the judiciary is at present formed, all the judges are co-ordinate in power, and the decision of one single judge in one district in no way binds another in any of the other districts (excepting in adjudicating on the same case); so likewise the general terms are all co-ordinate, and the decision of one general term in one district is not binding on another general term in any of the other districts, with the single exception above mentioned. The decision of a general term, however, is binding on all the single judges, and all special terms, until some other general term makes a conflicting decision, when the question is, in truth, left undecided by the superior tribunal.

It also results, that a decision of the general term of one of the judicial districts, will be binding authority (although an opposite decision may be made by the general term in each of the other districts) in that district, until the Court of Appeals overrule it, or the same general term, by explanation in some subsequent cause, in effect overrule it.

It therefore follows, that where there are conflicting decisions on a point by the general term in two districts, the law on that point will be one way in one of those two districts, and directly the opposite in the other; while in the rest of the State, it would be left to the decision of the particular judge before whom the question might arise.

Consequently, the question presented in this case having been directly adjudicated upon, and decided in the affirmative by a general term of the Supreme Court held in the second district, and no general term having made any conflicting decision, the decision of this case must follow the case of Moore *a.* Cockroft (9 *How. Pr.*, 479).

The above remarks as to the effect of decisions, will, of course, be understood as referring to their obligatory force; all judges

and courts will at all times pay due respect to, and attentively examine any decisions that may have been made by their brethren of other courts, and give them such weight as they are justly entitled to.

Motion denied with costs.