Russel, City J.
A writ of habeas corpus was allowed by the City Judge, directed to the sheriff of the city a*d county of Mew York, commanding him to have the body of Israel Ritterman, by him imprisoned and detained, as is said, together with the time and cause of such imprisonment and detention, before the said City Judge, on the second day of July, one thousand eight hundred and sixty-six, at three o’clock, to do and receive what shall then and there be considered. To which writ, the said sheriff, on the return day, made return that he held the relator under and by virtue of several orders of arrest, naming some thirteen different suits instituted against him, on which orders of arrest were allowed. The said City Judge, on the return of said sheriff, directed that a notice of eight days be given to the attornies for the plaintiff in each of said actions, that a habeas corpus had been issued, and that the hearing on the return of said writ would take place before said City Judge, at his chambers, Mo. 82 Massau street, on the 11th day of July inst., at three o’clock n. m. of that day, at which time the attornies for the respective creditors appeared. And the attorney for the said relator filed his traverse to the return of said sheriff, and denied that he was held by the said sheriff by virtue of any writ, and that he was and is legally imprisoned and detained by said sheriff; but alleged:
“ That prior to the fourteenth day of February, one thousand eight hundred and sixty-six, he was arrested by said sheriff by color of certain orders of arrest issued Mm the courts *434 in the said return mentioned, in certain actions therein brought, the .titles of which and the times of which arrests are set forth in said return. That each and all of said actions were brought to recover amounts claimed to be due the respective plaintiffs for the non-payment of certain debts arising upon contract in the purchase by him of certain goods, and each and all of said orders of arrest were granted on the ground of alleged fraud in his obtaining such goods and in contracting such debts. That whilst said action was pending, said Ritterman made application to the City Judge for his discharge under the non-imprisonment act^ and such proceedings were thereupon had before said City Judge, that on the fourteenth day of February one thousand eight hundred and sixty-six, he granted to said insolvent Ritterman a discharge, declaring ‘ that the person of the said insolvent should forever thereafter be exempted from arrest or imprisonment by reason of any debts due or other liabilities existing at the time, of «his making said assignment, or contracted for before that time, though payable afterwards, and by reason of any liabilities incurred by said insolvent by making or endorsing any promissory note or bill of exchange, or - incurred by said insolvent in consequence of payment by any party to such note or bill of the whole or any part of the money secured thereby, whether said payment be made prior or subsequent to the execution of said assignment, and if now imprisoned, that he be forthwith discharged and.released from the same.’ That on the day aforesaid, an authenticated copy of said discharge was served on said sheriff’ and he Was required to release and discharge ■ the said Ritterman from said custody and imprisonment, but declined and refused so to do. That on the 28th day of February, one thousand eight hundred and sixty-six, the attorney for one Myers procured another order of' arrest against said Ritterman (which is the supposed writ referred to as of that date in said return), whilst the first order of arrest was still pending and unrevoked, and before any discontinuance. That such second order of arrest was granted in a second action by the same plaintiffs against the said Ritterman, in which, in order to evade the legal effect of said discharge, they based their alleged right to recover upon the ground of alleged tortious conversion of the property sold, instead of upon that of non-performance of contract to pay for such property, which was the ground of claim or demand set forth in their first suit. That other creditors pursued the same course,' *435 and. the tortious conversion of said property was alleged to have accrued prior to the said 14th day of February, one thousand eight hundred and sixty-six.”
The attorneys for the respective creditors in the several suits referred to, joined issue on said traverse; and the attorney for the relator proved all the allegations contained in said traverse.
The attornies for the plaintiffs in the several suits referred to then proved htifore said City Judge, that a writ of habeas corpus was allowed by Justice Baexard and heard before Mr. Justice Clerks; and he directed—“That the prisoner he remanded, and the writ discharged.” And also, that another writ of habeas corpus was allowed-’by Justice Moxell, for the reason that the matter had not been decided by Mr. Justice Clerks, who, after the allowance, rendered his decision, whereupon Justice Mostell remanded the prisoner and discharged the writ. And it was also proven, that the actions and orders of arrest, on which the relator was held by said sheriff, at the time of his discharge, were discontinued, and subsequently actions of tort (for the same cause), were commenced against him, in which he is now imprisoned by several orders of arrest. But it did not appear before me, whether either of the applications were heard on the merits, or on what ground the prisoner was remanded and the writ discharged. The pleadings'in the several suits were before me, and submitted, together with various opinions rendered by different judges in the Supreme and Superior Courts of this city, on motions to reduce, the hail, or discharge the said relator from arrest in said suits, in consequence of said discharge by the City Judge.
There can he no doubt that the discharge granted by the City Judge to the relator, under the act exonerating Ms person from imprisonment, released and discharged him, from all the orders of arrest, under which he was then held by said sheriff; the act declaring“ That the person of the said insolvent shall forever thereafter he exempted from arrest and imprisonment, by reason of any debts due, or other liabilities existing at the time of his making said assignment, or contracted for before that time, though payable after, &c., &c.; and if then imprisoned, that he he forthwith discharged and released from the same.” The plaintiffs in the different actions, prior to the relator’s discharge, having made their election of actions, by proceeding on contract, though founded in fraud, and he being, by the said dis *436 charge, released from imprisonment on the same, cannot, by changing the form of action (provided it be for the same cause), re-arrest the said relator. It has been held that, “ an insolvent discharge operates as well upon' debts arising ex delicto as upon those ex contractu.” (Luther v. Deyo, 19 Wend., 629 ; Deyo v. Van Valkenburgh, 5 Hill., 242.) The non-imprisonment act contemplated no such artificial distinction between the actions of contract and tort. Whatever the law would compel the insolvent to pay, whether certain or not, was covered by and included in his discharge (3 Rev. St at. [5 ed.], 104; § 10; Andreas v. Murray, 2 Abb. Pr., 8,14; Newell v. The People, 7 N. Y. [3 Seld.], 9). If, therefore, the liability existed prior to judgment, in an unliquidated form as to. amount, it is covered by the express language of the statute, which, in exonerating the insolvent from imprisonment, draws no distinction as to time, whether before or after judgment (2 Rev.Stat. [5th ed.], 104; § 10). If then the defendant was released, by virtue of his discharge from imprisonment in the first actions, it was clearly wrong and illegal for the plaintiffs to change merely the form of action, and in another court obtain orders of arrest, for the purpose of evading the force and effect of his discharge, and thereby defeating the clear intendment of the statute enacted for .ttie relief of the unfortunate debtor. Where the gist of the transaction is a tort, if it arises out of a contract, the plaintiff may declare in tort or contract, at his election; and, having made his election, is bound by it (Stoyell v. Wescott, 2 Day, 422, 531; Vaise v. Smith, 6 Cranch S. Ct., 226).
Another question presents itself under this branch of the case —whether after a party has been once arrested and held to bail, he can for the same cause of action be a second time arrested. This question was before the general term of the Superior Court, in the case of Wright v. Bitterman, on an appeal from the special term, and at the last June term of said court it was decided in favor of the relator herein*—Justice G-abvbs, in a very able opinion, using this language—“ It is a legal maxim, that no “ man shall be twice arrested for the same cause. This applies “ to the same jurisdiction, and is conceded to be the general “rule. We think it a safe rule, and one that is reasonable and “ easy of application, that when a defendant has been discharged *437 “ from imprisonment under an order of arrest, by due course of “ law, he could not be re-arrested and imprisoned a second time, “ for the same cause, though in a different form of action.”
It has been urged by the counsel for the creditors with great force, “ That whenever it appears by the return to a habeas corpus that the petitioner is held under the process of a court, having jurisdiction of the person and of the subject matter, he will not be discharged; and especially not, by any court, other than that from which the process issued.”
This proposition to a certain extent is true; but I understand the rule of law to be this : Where the return to a habeas corpus shows a detainer under legal process, the only proper points for examination are, the existence, validity and present legal force of the process; except where in commitments for criminal matters, the court or officer hearing the habeas corpus, is invested with a revisory or corrective jurisdiction over the court or officer commanding the imprisonment, and with a jurisdiction also over the offence or subject matter of the commitment ; in wliich" case the facts constituting the grounds of the commitment may be reviewed.
The habeas corpus cannot have the force, and operation of a writ of error, or a certiorari ; -nor is it designed as a substitute for either. It does not like them, deal with errors or irregularities, which render a proceeding voidable only; but with those radical defects, which render it absolutely void. A proceeding defective for irregularity, and one void for illegality, may be reversed upon error or certiorari/ but it is the latter defect only, which gives authority to discharge on habeas corpus. Illegality signifies that which is contrary to the principles of law, and denotes a “ complete defect in the proceedings.” It is a rule essential to the efficient administration of justice, that where a court is invested with jurisdiction over the subject matter upon which it assumes to act, and regularly obtains jurisdiction of the person, it becomes its right and duty to determine every question which may arise in the cause, without interference from any other tribunal. When the habeas corpus interferes with another competent and acting jurisdiction, it will be denied, as an inappropriate remedy; for it was never designed to be used to frustrate or interrupt the due course of justice, nor to intermeddle with other judicial proceedings, while a ready redress may be had, by application, to the tribu *438 nal whose action may be the subject of complaint. Instances have occurred where relief has been granted on irregular commitments, of civil "process, by habeas corpus, notwithstanding if might have been obtained on motion to the court from which it issued (Ex parte Beatty, 12 Wend., 229; James v. Kelly, 17 Mass., 116; Bank of U. S. v. Jenkins, 18 Johns., 305 ; 3 McLean, 226). But in all these cases the power to interfere was exercised or arrested by a court, not only superior to the court or officer under whose process the imprisonment was claimed, but having by its constitution appellate jurisdiction over such court or officer.
The second orders of arrest being absolutely void, the present application is a proper one for his discharge, and is in accordance with the decisions on that subject (Matter of Baker, 11 How. Pr., 418; Gray’s Case, 11 Abb. Pr., 56 ;3 Hill, 662, Appendix; Hurd on Hab. Corp., 334).
This case having been brought before Justice Cleeke, on habeas corpus, and he having “ remanded the prisoner and discharged the writ,” can another habeas corpus issue, and would the determination of Justice Cleeke beonw adjtidicata ? An estoppel cannot be raised by proof that two issue's, which are on their face different, contain a fact common to both, which, having been ascertained in one, should not be. controverted in the other (Murry v. Harris, 2 Johns., 24 ; Rogers v. Alevater, 4 Day, 431; 4 Cow., 476; 1 Esp., 43). It did not. appear what points were before Justice Cleeke, or on what grounds the writ was dismissed; but it was shown on this application that a different state of facts existed, and which could not have been passed upon at that time ; consequently the plea of res adjudicata does not apply, this case coming directly under the decisions of the People v. Mercein (3 Hill, 399); Sweet v. Tuttle (14 N. Y. [4 Kern.], 465); Bently v. Gardiner (15 Abb. Pr., 482); Loring v. U. S. V. G. P. Co. (30 Barb., 644); Malam v. Simpson (12 Abb. Pr., 225).
The relator is, therefore, discharged from imprisonment, on all the orders of arrest, under which he is held by the sheriff of the city and county of Hew York.

 The decision is reported, ante, 438.