upon the ground that the complaint fails to state a cause of action against it. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

FRANK W. E. COATES, Respondent, v. CHARLES YESWOIT, Appellant.— Order granting motion to open default, in so far as it imposes a condition, and order denying motion for reargument and to open default affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young and Hagarty, JJ., concur; Carswell, J., dissents.

LUCY E. COATES, by FRANK W. E. COATES, Her Guardian ad Litem, Respondent, v. CHARLES YESWOIT, Appellant.— Order granting motion to open default, in so far as it imposes a condition, and order denying motion for reargument and to open default affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young and Hagarty, JJ., concur; Carswell, J., dissents.

JULIUS COHEN, Respondent, v. FRANKBER REALTY CORPORATION and SPANISH VILLAS, INC., Appellants.— Judgment and order of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK on Complaint of EFFIE YOUNG, Respondent, v. DOMINIC G. STAIANO, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, affirmed, without costs. No opinion. Lazansky, P. J., Rich and Young, JJ., concur; Hagarty and Carswell, JJ., dissent and vote to modify the order by eliminating the direction for payments for the period antedating the enactment of the statute (Laws of 1929, chap. 434).█

ANNA CROSBY, Appellant, v. ANNA GORDON, Respondent.— Judgment and order reversed upon the law and the facts and new trial granted, costs to abide the event. We are of the opinion that a new trial should be had in this case in the interests of justice. The evidence is sufficient to raise an issue as to the existence of a fiduciary relation between the defendant and the plaintiff at the time of the transaction involved, and the jury should be instructed that, if they find such relation to exist, in such case the burden rests upon the defendant to establish that the money received by the defendant from the plaintiff was a gift. If the facts show that the action is for money had and received, the wrong being waived, an amendment of the complaint will be necessary. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

CORNELIUS A. DENEHY, Respondent, v. MIKE PASARELLA, Appellant.— Judgment and order of the City Court of White Plains unanimously affirmed, with costs. There was an issue of fact as to defendant's negligence, and the amount awarded is justified by the evidence. (*Dettmar* v. *Burns Bros.*, 111 Misc. 189.) Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

EAST END TRUST COMPANY OF THE CITY OF HARRISBURG, PENNSYLVANIA, Plaintiff, v. ANNA OTTEN, Defendant.† — Judgment unanimously directed for plaintiff, upon the agreed statement of facts, for the specific performance by the defendant of the agreement of sale and purchase, without costs. In our opinion, section 223 of the Banking Law█ and section 1363 of the Civil Practice Act should

† Revd., 255 N. Y. 283.