CARMINE NICHOLAS and HENRY NICHOLAS, Appellants, v. J. F. MELLON CONSTRUCTION CO., INC., Respondent.— Judgment reversed on the law and a new trial granted, costs to abide the event. The complaint was dismissed for the reason that the plaintiffs had not proved damages. They were entitled, upon the proof, to recover the usuable value of their apparatus during the period they were wrongly deprived of its use by the defendant. (*Denehy* v. *Pasarella*, 230 App. Div. 707: *Dettmar* v. *Burns Bros.*, 111 Misc. 189; *Naughton Mulgrew Co.* v. *Westchester F. Co.*, 105 id. 595, 599; *Allen* v. *Fox*, 51 N. Y. 562; *Redmond* v. *A. M. Co.*, 121 id. 415.) Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

VERONICA PETRULLA, Also Known as VERONICA ZVIRBLIS, Appellant, v. ELSA BROSLIN, as Administratrix, etc., of JOHN BROSLIN, Deceased, Appellant. RICHMOND COUNTY BUILDING AND MUTUAL LOAN ASSOCIATION, Plaintiff, v. ELSA BROSLIN, Individually and as Administratrix, etc., of JOHN BROSLIN, Deceased, Appellant. In the Matter of the Petition of VERONICA PETRULLA, General Guardian of the Person and Property of VERONICA ZVIRBLIS, Appellant, to Revoke Letters of Administration of ELSA BROSLIN, upon the Estate of JOHN BROSLIN, Deceased, for an Accounting and for Other Relief. PAUL D. SEIGEL, Temporary Administrator of the Estate of JOHN BROSLIN, Deceased, Respondent.— Order reversed on the law and the facts, without costs, and the motion of Seigel as temporary administrator to be relieved from the terms of the stipulation dated June 7, 1932, denied, without costs, with leave to renew the motion if there be further unnecessary delay. In view of our decision of February 23, 1934 [*ante*, p. 700], in this same matter, wherein the Richmond County Building and Mutual Loan Association sought to be relieved from the terms of the same stipulation, we think it is necessary that the respondent remain bound as a party so that the matter may be closed without further delay. We appreciate the embarrassment and impatience that the respondent must feel because of the delay that has occurred through no fault of his own. If the Richmond County Building and Mutual Loan Association fails to act promptly as directed by the decision of February 23, 1934, and the order entered thereon, and cause any further unnecessary delay, the respondent may have leave to renew his application or proceed otherwise as he may be advised. Any party interested may move to stay proceedings in the Surrogate's Court if it appear that the funds in the custody of the temporary administrator are to be disposed of in any manner contrary to that contemplated by the judgment to be entered in the Supreme Court as provided in the stipulation. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

HERMAN PHILLIPS, Appellant, v. FRANCES PHILLIPS, Respondent.— Order denying motion to vacate the judgment and to amend the decision so as to permit the entry of a judgment dismissing the complaint without prejudice instead of on the merits affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. (See *ante*, p. 763.)