In the Matter of the Probate of the Will of THOMAS J. COMERFORD, Deceased. CITY BANK FARMERS TRUST COMPANY et al., Respondents; WALTER L. VAUGHAN, SR., et al., Appellants.— In a contested probate proceeding in the Surrogate's Court, Kings County, a decree was entered admitting the will to probate on the Surrogate's decision directing a verdict after trial. The contestant and the special guardian appeal from the decree, except insofar as it makes an allowance to the special guardian. Decree, insofar as appeal is taken, unanimously affirmed, with costs to respondents and to the special guardian, payable out of the estate. No opinion. Order denying contestant's motion, under section 278 of the Surrogate's Court Act, reversed on the law and the facts, without costs, and the motion granted, without costs. Under all the facts and circumstances, it should have been found that the contest was made in good faith, and the motion should have been granted. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ. [See *post,* p. 845.]

∎

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALDINE MALCOLM, Respondent, against FREDERICK MALCOLM, Appellant.— In a proceeding to obtain custody of infant children, the Children's Court, Nassau County, awarded custody to their mother, the petitioner. The father appeals. Order reversed on the law, without costs, and petition dismissed, without costs. The jurisdiction of the Children's Court, Nassau County, extends only to cases which indicate that the infants involved are neglected, abandoned, or delinquent, within the definitions set forth in the Children's Court Act. That court may assume jurisdiction, in proceedings to determine the question of the rightful custody of children whose custody is subject to controversy, only where immediate need or danger to the child is shown. (*Matter of Caposella,* 255 App. Div. 987; *Matter of Du Mond,* 196 Misc. 16; *Matter of Walsh* v. *Walsh,* 146 Misc. 604.) There was no showing in this proceeding that the children were neglected, abandoned, delinquent, or in immediate need or danger. (*Matter of Tangen,* 277 App. Div. 827.) Nolan, P. J., Carswell, Johnston, Wenzel and Schmidt, JJ., concur.

∎

In the Matter of JOHN J. McCARTHY, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles, which revoked a chauffeur's license issued to petitioner on a finding that he was grossly negligent in the operation of a motor vehicle. (Vehicle and Traffic Law, § 71, subd. 3, par. [e].) Determination annulled on the law and the facts, with $50 costs and disbursements, on the ground that there is no substantial evidence to justify the administrative determination that petitioner was guilty of gross negligence. Nolan, P. J., Johnston, Adel, MacCrate and Schmidt, JJ., concur.