THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN DARMAN, Appellant, against J. VERNEL JACKSON, as Warden of Dannemora Prison, Respondent.— The relator has appealed from an order of Special Term of the Supreme Court in Clinton County, denying his application for a writ of habeas corpus. The denial was predicated upon the lack of the court's authority to review on habeas corpus the merits of the conviction and upon the further ground that the application did not comply with the provisions of article 77 of the Civil Practice Act. The petition is not in conformity with the requirements of the statute, omitting, in particular, any reference to previous applications made for the same relief as required by subdivision 7 of section 1234 of the Civil Practice Act. The denial of the writ was in accord with the provision of the statute in that respect. Order unanimously affirmed, without costs, and without prejudice to a further application raising the issue of double jeopardy upon a proper petition. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.

In the Matter of DOUGLAS HAZELTON and Others, Infants.— Appeal from an order of Children's Court, St. Lawrence County. The mother of three children, ages eight, six and four, appeals from an order of the Children's Court which vests custody of the children in the Commissioner of Public Welfare. There was no finding that the children were neglected, abandoned or delinquent, nor that the mother was unfit to have custody of her children. The jurisdiction of Children's Court extends to cases where infants are neglected, abandoned or delinquent, as defined in the Children's Court Act (*People ex rel. Malcolm* v. *Malcolm,* 281 App. Div. 714; *Matter of Tangen,* 277 App. Div. 827) and a finding of neglect, abandonment or delinquency is a prerequisite to an award of custody by that court (*Matter of Cole,* 212 App. Div. 427). In the absence of proved unfitness, a parent has a superior right to custody of children, unless that right has been abandoned (*People ex rel. Kropp* v. *Shepsky,* 305 N. Y. 465). Order reversed, without costs and a new hearing ordered. Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ., concur.