Maurice D. Isewbergh, S.
The issues in this contested probate proceeding were tried before the court and a jury. At the conclusion of the testimony the court directed a verdict for the proponent and subsequently granted a decree admitting the contested document to probate as the decedent’s last will and testament. Thereafter, the contestants filed and served notice of appeal to the Appellate Division.
There is now before this court a motion by the contestants to obtain a copy of the stenographic minutes of the trial at the expense of the estate pursuant to the provision in section 278 of the Surrogate’s Court Act which reads as follows: “The
surrogate may order a copy of the stenographer’s minutes to be furnished to the contestant’s counsel, and charge the expense thereof to the estate, if he shall be satisfied that the contest is made in good faith.”
The proponent, the Union National Bank of Troy, opposes the motion on the grounds: that costs should not be awarded to unsuccessful contestants; that the statute does not contemplate •financing a contestant’s appeal; that the motion can properly be made only in advance of the trial or at least before entry of the decree; that the contest was not made in good faith; and that the contestants have been guilty of such delay in ordering the trial minutes and in making this motion as to imply lack of good faith in respect of this motion and their appeal as well.
To support the contention of laches on the part of the contestants in bringing on this motion, the answering aEdavit for the proponent shows that the present motion has been made only after a motion was made by the proponent in the Appellate Division to dismiss the contestants’ appeal for their failure to perfect the record, and after the lapse of 57 days since the entry of the decree of probate. It is my opinion that no satisfactory *221 explanation for such delay was made either on the oral argument or since and I do not approve of such practice. It is my conclusion, however, that this application being essentially one for the allowance of a disbursement, an element of costs, is timely made in view of the provision in the decree of probate which reserves the right to make future application for the allowance of costs.
The objection of the proponent that this motion can properly be made only before or during the trial or at least before the entry of the decree, finds some support in the language of the statute (Surrogate’s Ct. Act, § 278) which provides that the Surrogate shall be satisfied that the contest is rather than was made in good faith. It implies the necessity of a finding of good faith before the completion of the trial. Such an interpretation is favored by Matter of Engelbrecht (15 App. Div. 541); Matter of Byron (61 Hun 278) and Matter of Proben (23 Misc 2d 993). It is urged with equal force and logic that the granting of this motion would contravene the fundamental principle enunciated in the cited statute that costs payable out of the estate shall not be awarded an unsuccessful contestant of the will, unless he be a special guardian or an executor named in a paper propounded by him in good faith for probate. Indeed, I am firm in the belief that contests will be encouraged as well as prolonged and that the processing of estates will be hindered and delayed if prospective contestants are assured in advance that they can obtain a copy of the trial minutes at the expense of the estate for the purposes of appeal.
These questions, however, are not mine to decide. They were decided on December 29, 1952, by the Appellate Division of the Second Department in Matter of Comerford (281 App. Div. 714) where an order of the Surrogate’s Court which had denied the motion of an unsuccessful contestant for a copy of the trial minutes at the expense of the estate for the purposes of an appeal was reversed. In that case, as here, a decree of probate was entered following a directed verdict after trial; and although the Appellate Division there unanimously affirmed the decree of probate, thus agreeing with the direction of a verdict against the contestant, the court nonetheless held that “Under all the facts and circumstances, it should have been found that the contest was made in good faith, and the motion should have been granted.”
Matter of Comerford (supra) is foursquare with the facts in the case at bar, and, regardless of whether I might reach a different conclusion, I am bound by the doctrine of stare decisis to follow and apply the decision there made in the absence of a *222 contrary decision by the Court of Appeals or by the Appellate Division in my own Department. In Matter of Harned (138 Misc. 546, affd. 234 App. Div. 796), the learned Surrogate Wingate of Kings County bound himself absolutely to follow a decision of the Appellate Division of the First Department in the absence of a contrary decision by the Court of Appeals or by the Appellate Division of his own Department. The rule is well stated in Hamlin v. Bender (92 Misc. 16, 19-20, affd. 173 App. Div. 996) in these words: “ The rule of stare decisis is, however, firmly imbedded in our law and, while the decisions of other special terms are by no means controlling, it is held to be the duty of a judge at special term to follow a decision made by the Appellate Division of another department until his own Appellate Division or the Court of Appeals pronounces a contrary rule of law. Burt v. Powis, 16 How. Pr. 289; Malan v. Simpson, 20 id. 489, 490; Loring v. United States Vulcanized Gutta Percha Co., 30 Barb. 644; Hardenburgh v. Crary, 50 id. 32.”
The rule binds all inferior courts in one Department to follow the decisions of the appellate court in another Department as to a matter which has not been passed upon by their own appellate court. (See 21 C. J. S., Courts, § 198, p. 347 and the New York cases therein cited.)
Although it is my belief that the direction of a verdict in favor of the proponent was entirely correct, I am also of the opinion that under all the facts and circumstances the contest was made in good faith. Since no decision of the Court of Appeals or of the Appellate Division, Third Department, expressing a view contrary to Matter of Comerford (281 App. Div. 714, supra) has been cited by counsel or discovered by my own research, I hold that that case is binding upon me and prevents me from reaching a different conclusion here. The motion of the contestants is, therefore, granted.