■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL DUNN, Also Known as PATRICK JOSEPH DUNN, Appellant, v. DANIEL McMANN, as Warden of Clinton Prison, Respondent.— REYNOLDS, J. Appeal from a judgment of the County Court, Clinton County, denying relator's application for a writ of habeas corpus for failure to state whether previous applications for the same relief had been made (CPLR 7002, 7003). Relator's petition makes no mention whatsoever of any prior application for the relief sought herein. CPLR 7002 (subd. [c], par. 6) specifically requires that the petition set forth every previous application for the writ. This provision is designed to apprise the courts of successive writs based on the same contention (CPLR 7003, subd. [b]; *People ex rel. Warncke* v. *Johnston,* 12 A D 2d 848). While it could be argued that CPLR 7002 (subd. [c], par. 6) requires a statement only if, in fact, a previous application has been made and that the lack of any statement should be assumed to indicate that no prior applications have been made, in our view

the history of this section requires a specific statement either setting forth any previous applications or asserting the lack thereof (Civ. Prac. Act, § 1234, subd. [7]; Sixth Preliminary Report of the Advisory Committee on Practice & Procedure, p. 614; *People ex rel. Darman* v. *Jackson,* 285 App. Div. 1204). The courts should not be placed in the position of determining whether the failure to state anything about prior applications is an oversight on the relator's part or indicates rather that no prior applications have been made. If the court to whom application is made should be obliged to assume, in the absence of an affirmative allegation, that no previous application has been made, the door would be opened to a flood of meritless petitions. Judgment affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.