OPINION OF THE COURT
John J. Fromer, J.
The plaintiff sued for damages to its passenger bus and loss of use as a result of an accident. Liability of defendant to the plaintiff and the third-party defendants to the defendant was not strongly controverted. In fact, the cost of repairs was paid voluntarily before the trial and the only real issue was liability for the loss of use of the bus during its repair. The plaintiff stipulated that no replacement was hired and that it had extra buses not in use during the time the damaged bus was being repaired. Plaintiff asserted that it was entitled to be paid the normal rental value of such a bus, which would be *272 $200 per day even though plaintiff did not in fact incur this loss.
This court does not accept that measure of damages. Damages are to restore injured parties not to reward them. Plaintiff would not be made whole by recovering loss of use but would be paid for the use of a bus that would otherwise have stood idle. Surely the law requires every citizen to minimize damages and this case is no exception.
The cases cited and the commentary in Warren, NY Negligence (vol 7B, ch 16, § 4.03, subd [4], pars [a]-[c]) are distinguishable. They do not refer to the circumstances where plaintiff has several replacement vehicles not in use. They do not refer to circumstances where the plaintiff’s costs would have been the same whether the accident happened or not.
If the costs of insurance and the operation of vehicles is to be kept under control, the measure of damages in all such cases must be strictly construed to compensate but not to reward.