Mountain View Coach Lines, Inc., Appellant, v Betty Storms, Respondent.

Second Department, June 18, 1984

APPEARANCES OF COUNSEL

*George A. Roland* for appellant.

*Owen & Grogan* (*Thomas N. O'Hara* of counsel), for respondent.

OPINION OF THE COURT

Titone, J.

Plaintiff appeals from so much of a judgment of the Supreme Court, Dutchess County, as dismissed its claim for damages for loss of use of a bus placed out of service as a result of defendant's negligence. The core issue is whether damages for loss of use are interdicted because plaintiff did not hire a substitute bus, utilizing one it maintained in reserve instead. We hold that loss of use damages are recoverable in such circumstances and decline to follow two Third Department cases to the contrary (*Mountain View Coach Lines v Gehr,* 80 AD2d 949; *Mountain View*

*Coach Lines v Hartnett,* 99 Misc 2d 271, affd 69 AD2d 1020, as amd 70 AD2d 977, mot for lv to app den 47 NY2d 710).

On October 28, 1980, a collision occurred between a bus owned by the plaintiff and a motor vehicle owned by the defendant. The parties stipulated that the defendant was negligent, that the cost of repairs was $983.23, that the damages sustained for loss of use were $3,200, and that the facts supporting the claim for loss of use were the same as those in the two Third Department cases (*Mountain View Coach Lines v Gehr, supra; Mountain View Coach Lines v Hartnett, supra*), i.e., that no substitute was hired by the plaintiff during the period of repairs, plaintiff having substituted one of its own buses for the damaged bus. The loss of use claim was thus submitted to the Supreme Court as an issue of law, and was dismissed solely on constraint of the Third Department cases. We reverse the judgment insofar as appealed from and remit the case to the Supreme Court, Dutchess County, for entry of a judgment awarding plaintiff damages for loss of use.

■ At the outset, we note that if the Third Department cases were, in fact, the only New York authorities on point, the trial court followed the correct procedural course in holding those cases to be binding authority at the nisi prius level. The Appellate Division is a single State-wide court divided into departments for administrative convenience (see *Waldo v Schmidt,* 200 NY 199, 202; Project, The Appellate Division of the Supreme Court of New York: An Empirical Study of its Powers and Functions as an Intermediate State Court, 47 Ford L Rev 929, 941) and, therefore, the doctrine of *stare decisis* requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule (see, e.g., *Kirby v Rouselle Corp.,* 108 Misc 2d 291, 296; *Matter of Bonesteel,* 38 Misc 2d 219, 222, affd 16 AD2d 324; 1 Carmody-Wait 2d, NY Prac, § 2:63, p 75). This is a general principle of appellate procedure (see, e.g., *Auto Equity Sales v Superior Ct. of Santa Clara County,* 57 Cal 2d 450, 455; *Chapman v Pinellas County,* 423 So 2d 578, 580 [Fla App]; *People v Foote,* 104 Ill App 3d 581), necessary to maintain uniformity and consistency (see *Lee v Consolidated Edison Co.,*

98 Misc 2d 304, 306), and, consequently, any cases holding to the contrary (see, e.g., *People v Waterman,* 122 Misc 2d 489, 495, n 2) are disapproved.

Such considerations do not pertain to this court. While we should accept the decisions of sister departments as persuasive (see, e.g., *Sheridan v Tucker,* 145 App Div 145, 147; 1 Carmody-Wait 2d, NY Prac, § 2:62; cf. *Matter of Ruth H.,* 26 Cal App 3d 77, 86), we are free to reach a contrary result (see, e.g., *Matter of Johnson,* 93 AD2d 1, 16, revd on other grounds 59 NY2d 461; *State v Hayes,* 333 So 2d 51, 53 [Fla App]; *Glasco Elec. Co. v Department of Revenue,* 87 Ill App 3d 1070, affd 86 Ill 2d 346). Denial of leave to appeal by the Court of Appeals is, of course, without precedential value (*Giblin v Nassau County Med. Center,* 61 NY2d 67, 76, n). We find the Third Department decisions little more than a "conclusory assertion of result", in conflict with settled principles, and decline to follow them (*People v Hobson,* 39 NY2d 479, 490).

■ It is beyond dispute that where a motor vehicle is harmed as a result of a tortious act, the plaintiff is entitled to damages for loss of use during the time reasonably required to make repairs (*Johnson v Scholz,* 276 App Div 163; Restatement, Torts 2d, § 928; 10 Fuchsberg, Encyclopedia NY Law, Damages, § 875). While some early lower court cases held that recovery for loss of use was barred unless a substitute was actually hired (e.g., *Murphy v New York City Ry. Co.,* 58 Misc 237), the Appellate Term, Second Department, later noted that these holdings were at variance with the rule generally prevailing in this State and elsewhere (*Dettmar v Burns Bros.,* 111 Misc 189; see, also, Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed, Ann., 18 ALR3d 497, 528). *Dettmar* states the correct rule and is in accord with subsequent New York authority (*Nicholas v Mellon Constr. Co.,* 241 App Div 771; *Denehy v Pasarella,* 230 App Div 707; *Sellari v Palermo,* 188 Misc 1057; *Pittari v Madison Ave. Coach Co.,* 188 Misc 614; 10 Fuchsberg, *op. cit.,* § 878).

There is no logical or practical reason why a distinction should be drawn between cases in which a substitute vehicle is actually hired and those in which the plaintiff utilizes a spare. The point is well illustrated by then

Justice Cardozo's opinion in *Brooklyn Eastern Term. v United States* (287 US 170, 176-177), explaining the so-called "spare boat" doctrine applied in admiralty: "Shipowners at times maintain an extra or spare boat which is kept in reserve for the purpose of being utilized as a substitute in the contingency of damage to other vessels of the fleet. There are decisions to the effect that in such conditions the value of the use of a boat thus specially reserved may be part of the demurrage * * * If no such boat had been maintained, another might have been hired, and the hire charged as an expense. The result is all one whether the substitute is acquired before the event or after."[1]

This reasoning is persuasive and is fully applicable to the case before us. The rule has the support of the Restatement of Torts, Second (§ 931, Comment *c*) and numerous commentators (11 Blashfield, Automobile Law & Practice [rev 3d ed], § 429.2; Dobbs, Remedies, § 5.11, pp 387-389; 10 Fuchsberg, *op. cit.*, § 878; McCormick, Damages, § 124, pp 470-476; 1 Sedgwick, Damages [9th ed], §§ 195, 243b). Moreover, it has been consistently followed in this department (see *Nicholas v Mellon Constr. Co., supra; Denehy v Pasarella, supra; Dettmar v Burns Bros.*, 111 Misc 189, *supra*), in the United States Court of Appeals for the Second Circuit applying New York law (*Koninklijke Luchtvaart Maatschaapij, N.V. v United Technologies Corp.*, 610 F2d 1052),[2] and is in accord with the overwhelming weight of authority elsewhere (*Malinson v Black,* 83 Cal App 2d 375; *Hillman v Bray Lines,* 41 Col App 493, affd ___ Col ___, 625 P2d 364; *Graf v Rasmussen Co.,* 39 Ore App 311; *Holmes v Raffo,* 60 Wn 2d 421;

---

1. It is true that the Supreme Court declined to extend the "spare boat" doctrine to a boat acquired and maintained for the general uses of the business, limiting recoverable damages to "the additional wear and tear on the over-worked vessels" (Dobbs, Remedies, § 5.11, p 389). While that result has been criticized (Note, 39 Harv L Rev 760), that portion of the holding is irrelevant to the case now before us as plaintiffs utilized a spare bus and the parties have stipulated the amount of damages incurred as a result of the loss of use.

2. After this opinion was filed we became aware of *CIT Int. v Lloyds Underwriters* (735 F2d 679) in which the Second Circuit retreated from this decision on constraint of *Mountain View Coach Lines v Gehr* (80 AD2d 949), and *Mountain View Coach Lines v Harnett* (99 Misc 2d 271, affd 69 AD2d 1020, as amd 70 AD2d 977, mot for lv to app den 47 NY2d 710). As we have previously explained, these decisions are contrary to settled New York authority.

Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed, Ann., 18 ALR3d 497, § 13).

For these reasons, the judgment should be reversed insofar as appealed from, with costs, and the matter remitted to the Supreme Court, Dutchess County, for entry of an appropriate judgment awarding damages for loss of use in accordance with the stipulation.

MOLLEN, P. J., WEINSTEIN and RUBIN, JJ., concur.

Judgment of the Supreme Court, Dutchess County, entered July 12, 1983, reversed insofar as appealed from, on the law, with costs, and matter remitted to the Supreme Court, Dutchess County, for entry of an appropriate judgment in the principal sum of $3,200.