OPINION OF THE COURT
Karen Morris, J.
The defendant is charged with two counts of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3). At the time of the arrest the defendant submitted to a breath test for determination of her blood alcohol content. The test was performed on a Datamaster manufactured by National *963 Patent Analytical Systems of Long Island, Inc. This machine is newly being utilized by the Monroe County Sheriffs Office and has not been adopted by other law enforcement agencies in the area. The defendant seeks to preclude the admission of the breath test results unless the People present expert testimony to establish the machine’s scientific reliability. The People seek an order denying defendant’s motion on the ground that the test’s reliability has already been established.
The Datamaster in question is included on the list of breath-testing instruments approved by the New York State Department of Health and by the Federal Department of Transportation/National Highway Traffic Safety Administration. (10 NYCRR 59.4 [b].) That list was promulgated pursuant to Vehicle and Traffic Law § 1194 (4) (c). (People v Hampe, 181 AD2d 238 [3d Dept 1992].)
In People v Kester (130 Misc 2d 37 [Brighton Just Ct 1985]), the admissibility of another instrument — the Intoxilyzer 401 IAS — was at issue. Like the Datamaster, the Intoxilyzer 4011AS was included on the Department of Health’s list of approved breath-testing devices. Also like the Datamaster, the Intoxilyzer lacked the widespread acceptance and lengthy history of use enjoyed by the breathalyzer. In Kester, Judge John Ark ruled that expert testimony was required to establish the Intoxilyzer’s reliability. This requirement of a "Frye hearing” in connection with newly utilized breath-testing devices is prevalent in New York case law. (See, e.g., People v Donaldson, 36 AD2d 37 [4th Dept 1971]; People v Summa, 140 Misc 2d 763 [Suffolk Dist Ct 1988]; People v Carella, Alleghany County Ct 1991.)
The court in Kester, explaining its reasoning for requiring the hearing, said in part, "although this court believes the Intoxilyzer 401 IAS might be acceptable equipment, there are no statutory or appellate court mandates requiring its test results to be accepted into evidence.” (People v Kester, supra, at 40.)
Since the Kester decision (supra), the Appellate Division decided Hampe (supra). That case provides the appellate court mandate missing at the time of Kester. Like Kester, Hampe involved a challenge to the admissibility of test results from a breath-testing machine (the BAG Verifier) that was included on the list of devices approved by the Department of Health and Federal Department of Transportation but not widely used by law enforcement. In admitting the test results without requiring expert testimony, the Court stated, "Absent the submission of evidence casting doubt upon the accuracy or reli *964 ability of the BAG Verifier test, it is our conclusion that, consistent with the purpose of Vehicle and Traffic Law § 1194 (4) (c), the device’s acceptance by DOH and the Federal Department of Transportation/National Highway Traffic Safety Administration is sufficient to dispense with expert testimony of the accuracy and reliability of the test in establishing a foundation for the admissibility of BAG Verifier test results.” (People v Hampe, supra, at 241.)
While Hampe (supra) is not binding in this jurisdiction, I find that decision to be convincing. The instruments on the referenced list have been tested and screened for compliance with the criteria identified in 10 NYCRR 59.4 (a) for breath-testing instruments. Those standards were developed by the New York State Department of Health pursuant to a directive from the Legislature to ensure "satisfactory techniques or methods of conducting chemical analyses of a person’s * * * breath”. (Vehicle and Traffic Law § 1194 [4] [c].) Said the Court in Hampe, "The legislative intent was to give DÓH definitive authority to approve tests for determining blood alcohol content for Vehicle and Traffic Law enforcement purposes (see, Assembly Mem in Support; Letter of Counsel for Dept of Health to Governor’s Counsel, Governor’s Bill Jacket, L 1986, ch 876).” (People v Hampe, supra, at 241.)
Based on these factors, I find that the BAG Datamaster is admissible in this case without the need for expert witnesses to establish its reliability. The People will be required to prove that the instrument was working properly at the time of defendant’s test and that the test was properly administered.