OPINION OF THE COURT
Michael F. McKeon, J.
Defendant charged in an accusatory instrument with driving while intoxicated moves to suppress the results of a test performed of his breath on a breath-testing device known as the Datamaster or in the alternative requests a Frye hearing to determine the scientific reliability of that instrument.
Although the Fourth Department has yet to rule on this issue, the Third Department in People v Hampe (181 AD2d 238, lv denied 80 NY2d 930) ruled that it was not error to admit the results of a BAG Verifier breath-testing device absent testimony of an expert establishing the accuracy and reliability of the *875 instrument, holding that the general acceptance of the device was established by its inclusion on the list of instruments approved by the New York State Department of Health and as such no hearing was required.
While the device utilized in this case is the Datamaster and not the BAG Verifier, this court discerns no difference between the two instruments mandating a different result since the Datamaster is also included on the list of breath-testing devices that have been approved by the New York State Department of Health. (See, 10 NYCRR 59.4 [b]; see also, People v Holmes, 171 Misc 2d 962 [1997].) Moreover, absent a Fourth Department or a Court of Appeals decision to the contrary, the doctrine of stare decisis requires this court to follow the Third Department in Hampe (supra; see, Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]).
Accordingly, the results of the Datamaster shall be admissible at trial without expert testimony establishing its reliability. However, the People still must prove that the instrument was working properly at the time of defendant’s test and that the test was properly administered.