People v Bouck (2025 NY Slip Op 50094(U))

[*1]

People v Bouck

2025 NY Slip Op 50094(U)

Decided on January 6, 2025

City Court Of Little Falls, Herkimer County

Bannister, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2025
City Court of Little Falls, Herkimer County

The People of the State of New York, Plaintiff,

against
Justin J. Bouck, Defendant

Case No. CR-00041-23

Karen Mowers, Esq.
Assistant District Attorney, for the People
Rebecca Wittman, Esq.
Attorney for the Defendant

Joshua P. Bannister, J.

On February 3, 2023, the Defendant was arraigned in this court on docket CR-00052-23 charging him with PL sections 260.10[1] and 240.20[1]. On February 13, 2023, the Defendant was arraigned in the county's Centralized Arraignment Part (CAP) on docket CR-00053-23 charging him with PL sections 215.51[b] and 240.30. On February 16, 2023, the Defendant was arraigned in the county's Centralized Arraignment Part (CAP) on docket CR-00041 charging him with PL sections 140.15[1] and 145.00[1]. Finally, the Defendant was arraigned on March 22, 2023 in this court on docket CR-00089-23 charging him with PL sections 215.50[3] and 240.26[3].
Various appearances were held on these cases. On October 16, 2023, docket CR-00053-23 was divested to the Herkimer County Court and subsequently returned to this court on July 3, 2024. The other misdemeanor dockets remained in this court pending disposition on the felony docket. 
On August 21, 2024, a few things happened. The People indicted that docket CR00053-23 would stay in the local court as a misdemeanor for all purposes and would not be prosecuted as a felony. The Defendant rejected a plea offer at that time and counsel notified the court that they would file a speedy trial motion. The Court gave the defense until September 18, 2024, to file the motion and the People until October 23, 2024, to file their reply. Defense counsel filed the instant motion under CPL section 30.30 and the People did not reply. The matter came before the Court again December 18, 2024. At the request of counsel, both parties were given until December 30, 2024, to submit any further submissions which were never received by this [*2]court. Although counsel indicated that certificates of compliance were automatically generated when the People shared discovery, no such certificates were ever filed with the Court. After a careful review of the physical and UCMS files, it appears no certificate of compliance was ever filed with this Court on these cases.
The People must declare readiness for trial within 90 days for a misdemeanor and within six months for a felony (see CPL section 30.30[1]). Further, "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20 of this chapter and the defense shall be afforded an opportunity to be heard on the record as to whether the disclosure requirements have been met" (NY CPL § 30.30[5]). This applies "absent an individualized finding of special circumstances" in a particular case (CPL section 245.50[3]). 
As far as this Court is aware, there are no cases decided by the Court of Appeals or the Fourth Department on a missing certificate of compliance. Rather, the case law discusses the legitimacy of a particular certificate of compliance under a certain set of facts rather than readiness when no such certificate was ever filed. However, the Second Department dismissed a case based on the plain language of the statute where the certificate of compliance was untimely filed (see: People v Brown, 214 AD3d 823 [2nd Dept, 2023]). "The Appellate Division is a single State-wide court divided into departments for administrative convenience and, therefore, the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule" Mountain View Coach Lines, Inc. v. Storms, 102 AD2d 663, 664 [2 Dept, 1984] [internal citations omitted]).
These cases were pending for well over one year before the motion was made and the People have not alleged any facts that warrant a finding of special circumstances to excuse the delay. As no certificates of compliance was ever filed with this Court, the People could not possibly have ever been ready for trial as defined in the Criminal Procedure Law. For better or worse, a plain reading of the statute as well as the case law require these cases to be dismissed.
This means that the misdemeanor dockets CR-00041-23, CR-00052-23, and CR-00089-23 are dismissed for all purposes. This also means that docket CR-00053-23 as a misdemeanor is also dismissed based on the People's decision on August 21, 2024, to prosecute that docket as a misdemeanor for all purposes. Whether or not that representation bars the People from presenting that case to a grand jury is not properly before this court and such an issue would have to be raised in a court of competent jurisdiction.
Order
Therefore, it is hereby ORDERED:
1. The motion to dismiss should be and hereby is GRANTED.
This is the Decision and Order of the Court.
Dated: January 6, 2025
Little Falls, New York
Joshua P. Bannister
City Court Judge